Filed 11/15/13  P. v. Valles CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058816 |
| v. | (Super.Ct.No. FWV900167) |
| RAFAEL CEJA VALLES, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**STATEMENT OF THE CASE**

On April 5, 2010, defendant and appellant Rafael Ceja Valles, Jr., pleaded nolo contendere to one count of attempted murder under Penal Code[1] sections 664 and 187, subdivision (a); and one count of assault by means of force likely to cause great bodily injury under section 245, subdivision (a)(1). Defendant also admitted an allegation that he caused great bodily injury in the commission of the attempted murder under section 12022.7, subdivision (e). In exchange, the parties stipulated that defendant would receive a sentence of 11 years in state prison, consisting of seven years for the attempted murder conviction, three years for the great bodily injury enhancement, and one year for the assault conviction.

On the same day, the trial court sentenced defendant in accordance with the terms of the plea agreement.[2]

On April 30, 2013, defendant filed a motion for modification of his sentence "pursuant to Proposition 36 Reform Act of 2012, Penal Code 1170(d), 1181, 1260." On May 13, 2013, the trial court denied defendant's petition. The court found that defendant did not satisfy the criteria for resentencing under section 1170.126, subdivision (e), because he had been convicted of attempted murder with a great bodily injury

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The original abstract of judgment erroneously indicated an assault with deadly weapon conviction, instead of an assault by means of force likely to cause great bodily injury conviction. That error has been corrected.

enhancement, a violent and serious offense, and he had not been sentenced under the Three Strikes law.

On May 24, 2013, defendant filed his timely notice of appeal.

## ANALYSIS[3]

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On September 16, 2013, defendant filed a two-page typewritten brief. In his brief, defendant takes responsibility for the actions that brought him to prison, and expresses regret. In essence, he asks for mercy to reduce his sentence. "Mere words can never fully satisfy what time and actions will eventually solidify and either refute, or justify. But if my words dare take new life, I can solemnly promise you that your mercy will not be wasted on me. I've ceased to call it leniency, and rather choose to embrace the word mercy, while penning these last words."

Although we appreciate defendant taking responsibility for his actions, this appeal is from the trial court's denial of defendant's petition requesting resentencing under section 1170.126. At the hearing on the motion, the court correctly found that defendant

---

[3] This is an appeal from the denial of defendant's petition for resentencing. The underlying facts, therefore, are not relevant to this appeal.

3

was statutorily ineligible for resentencing under section 1170.126 because he had been convicted of a violent and serious offense, and he had not been sentenced under the Three Strikes law.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

4